IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

D2L Ltd.

v.           Civil No. CCB-18-2994

Kevin T. Biggs, *et al.*

## MEMORANDUM

Pending before the court is defendant OneLogin, Inc.'s ("OneLogin") motion to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, for failure to state a claim. (ECF No. 7). For the reasons outlined below, OneLogin's motion will be granted for lack of personal jurisdiction. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## BACKGROUND

D2L Ltd. ("D2L") is a "global cloud software company" incorporated in Maryland and headquartered in Canada. (Compl. ¶¶ 1, 4, ECF No. 1-1; Def.'s Reply Ex. 1 at 3, ECF No. 23-1). OneLogin, a Delaware corporation headquartered in California, is a "cloud-based identity and access management provider." (Compl. ¶ 2; Huger Aff. ¶¶ 2, ECF No. 7-2). Defendant Kevin T. Biggs ("Biggs"), a California resident, worked as Senior Vice President of Worldwide Sales for D2L from August 2014 through October 2017. (Compl. ¶¶ 2, 6; Biggs Aff. ¶ 2, ECF No. 7-3). As a D2L employee, Biggs signed an Employee Confidentiality, Inventions and Non-Compete Agreement ("Non-Solicitation Agreement"). (Compl. ¶¶ 3, 10). Biggs executed the Non-Solicitation Agreement in California. (Biggs Aff. ¶ 3). The Non-Solicitation Agreement prohibited

Biggs from "directly or indirectly, solicit[ing] for employment, employ[ing] or otherwise engag[ing] the services of, any representatives, contractors, employees, distributors or consultants of D2L" for a period of nine months after his employment with D2L terminated. (Compl. ¶ 11). In executing the Non-Solicitation Agreement, Biggs also consented to suit in the State of Maryland for any disputes arising out of the Agreement. (*Id.* ¶ 18; *id.* Ex. A ["Non-Solicitation Agreement"] at p. 13).

When D2L terminated Biggs's employment in October 2017, Biggs executed a Release, which reaffirmed his obligation to abide by all of the conditions of the Non-Solicitation Agreement. (Compl. ¶ 25; *id.* Ex. B ["Release"] at p. 18). After leaving D2L, Biggs began working for OneLogin. On May 1, 2018, D2L corresponded with Biggs, reaffirming his obligations under the Non-Solicitation Agreement. (Compl. ¶ 28). On May 1, 2018, D2L also "advised OneLogin about Defendant Biggs' continuing obligations to D2L." (*Id.* ¶ 29).

On July 17, 2018, D2L brought suit against Biggs and OneLogin in the Circuit Court for Baltimore County, Maryland, alleging: breach of the Non-Solicitation Agreement (Count I); and intentional interference with contract (Count II). (*Id.* ¶¶ 33–56; Notice of Removal, ECF No. 1). On September 28, 2018, defendants Biggs and OneLogin removed the case to this court. (Notice of Removal).

## STANDARD OF REVIEW

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). If the court resolves the personal jurisdiction question without

an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). In assessing whether the plaintiff has carried this burden, the court resolves all disputed facts and reasonable inferences in the plaintiff's favor. *Carefirst*, 334 F.3d at 396 (citing *Mylan Labs*, 2 F.3d at 60).

## ANALYSIS

Personal Jurisdiction

For a federal court to exercise personal jurisdiction over a foreign defendant, two hurdles must be surpassed. First, the forum state's long-arm statute must be satisfied. Second, the forum state's exercise of personal jurisdiction must comport with due process. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). The Maryland long-arm statute "authorize[s] the exercise of personal jurisdiction to the full extent allowable under the Due Process Clause." *CSR, Ltd. v. Taylor*, 411 Md. 457, 473 (2009) (quoting *Bond v. Messerman*, 391 Md. 706, 721 (2006)). The court's statutory inquiry therefore merges with the court's analysis of the Due Process Clause. *Carefirst*, 334 F.3d at 396–97. Because the court finds that the exercise of personal jurisdiction over OneLogin would offend the Due Process Clause, the court need not resolve whether § 6-103(b)(4) of Maryland's long-arm statute, the provision D2L argues is applicable, would grant jurisdiction. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).[1]

Consonant with the Due Process Clause, the court may exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum so that

---

[1] "A court may exercise personal jurisdiction over a person, who directly or by an agent ... [c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." § 6-103(b)(4).

3

haling the defendant to court in the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The standard for the court's exercise of personal jurisdiction varies based on whether the defendant's contacts with the forum state are the genesis of the cause of action. *Carefirst*, 334 F.3d at 397. If the suit arises out of the defendant's contacts with the forum state, the court may exercise specific jurisdiction. *Id.* To determine whether specific jurisdiction exists, the court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014) (citing *Tire Eng'g v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301–02 (4th Cir. 2012)).

If, however, the defendant's contacts with the forum state do not give rise to the cause of action, the plaintiff must show that the court has general jurisdiction over the defendant. *Id.* General jurisdiction is appropriate when the defendant's contacts with the forum state are so "continuous and systematic" as to as to "render [the nonresident defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). D2L does not set forth any clear argument that general jurisdiction exists, nor could it based on the facts alleged. A corporation's place of incorporation and principal place of business are the two paradigmatic bases for general jurisdiction. *Daimler*, 571 U.S. at 137. Absent one of these two bases, it may be possible to establish general jurisdiction in an "exceptional case." *Id.* at 139 n.19. But the corporation's operations in the forum state must be "so substantial and of such a nature as to render the corporation at home in that State." *Id.* The mere sale of products within the forum state is

insufficient. *Goodyear*, 564 U.S. at 930 n.6. OneLogin is neither incorporated nor headquartered in Maryland and D2L has set forth no factual allegations that establish OneLogin is "comparable to a domestic enterprise" of Maryland. *Daimler*, 571 U.S. at 133 n.11. Accordingly, the court focuses its analysis on whether specific jurisdiction exists.

Specific jurisdiction cannot be exercised unless there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum state." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919). The Supreme court's personal jurisdiction jurisprudence makes clear that specific jurisdiction is premised on the defendant's contacts with the forum state, not the defendant's contacts with individuals from the forum state, or the plaintiff's contacts with the forum state. *Walden v. Fiore*, 571 US. 277, 284–85 (2014). The Fourth Circuit has held that when the brunt of the harm of tortious conduct is felt within, and specifically aimed at, the forum state, this may inform the jurisdictional analysis.[2] But the mere causation of harm within the forum state alone cannot support jurisdiction, instead, it must be "accompanied by the defendant's own contacts with the state." *Geometric Ltd.*, 561 F.3d at 280–81 (citing *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625–26 (4th Cir. 1997) (explaining that the defendant must have contacts with the forum state, otherwise the effects test would allow the plaintiff's "decision about where to establish residence" to dominate the personal jurisdiction analysis).

OneLogin acknowledges that it conducts a nominal amount of business in Maryland. In 2017 and 2018, around one percent of OneLogin's revenue was generated in Maryland, and OneLogin conducted approximately one to two percent of its total solicitation in Maryland. (Huger

---

[2] The Fourth Circuit laid out the parameters of the "effects test" as: "(1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." *Geometric*, 561 F.3d at 280.

5

Aff. ¶¶ 4–5). But none of these contacts form the basis of this suit. Specific jurisdiction exists only when the litigation arises out of defendant's contacts with the forum state. *Bristol-Myers*, 137 S.Ct. at 1781 (holding that when there is no connection between defendant's contact with the forum state and the underlying controversy, specific jurisdiction does not exist "regardless of the extent of a defendant's unconnected activities in the State"); *see PTA-FLA, Inc. v. ZTE Corp.*, 715 F.App'x 237, 242 (4th Cir. 2017) (citing *Bristol-Myers*, 137 S.Ct. at 1781).[3] Accordingly, OneLogin's unconnected contacts with the state of Maryland cannot support this court's exercise of specific jurisdiction.

The only remaining potential basis for specific jurisdiction arises out of OneLogin's relationship with Biggs. D2L alleges that OneLogin "encouraged," "actively and wrongfully induced," and "accepted the benefits of" Biggs's breach of the Non-Solicitation Agreement. (Compl. ¶¶ 46, 48, 53). But D2L did not advise OneLogin of Biggs's obligations under the Non-Solicitation Agreement until May 1, 2018, and D2L has not identified whether the alleged solicitation of D2L employees occurred before or after this communication or provided any factual allegations to support its assertions that OneLogin induced Biggs to breach his obligations. Further, even if the court accepts the most extreme scenario—that Biggs acted as OneLogin's agent in breaching the Non-Solicitation Agreement—D2L has not alleged that Biggs solicited any D2L employees in Maryland.[4] Because D2L is a global firm, this is far from a foregone conclusion.

---

[3] Unpublished opinions are cited to not for their precedential authority, but for the soundness of their reasoning.

[4] This paucity of contacts with Maryland distinguishes this case from *First American First, Inc. v. National Ass'n of Bank Women*, 802 F.2d 1511 (4th Cir. 1986), *Vishay Intertechnology, Inc. v. Delta Intern. Corp.*, 696 F.2d 1062 (4th Cir. 1982), *Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc.*, 888 F.Supp.2d 691 (D. Md. 2012), and *Crussiah v. Inova Health System*, No. TDC-14-4017, 2015 WL 7294368 (D. Md. Nov. 19, 2015), which D2L cites in support of its opposition to OneLogin's motion. In all four of the aforementioned cases, the dispute arose out of the defendant's contacts with the forum state. *See First American*, 802 F.2d at 1513, 1517 (defendants sent allegedly defamatory letters to Virginia and the harm was felt in Virginia); *Vishay*, 696 F.2d at 1068 ("Delta initiated the contacts

(Compl. ¶¶ 1, 4). In fact, D2L has not specified which employees were solicited, where they were located, or when the solicitation occurred. In assessing whether personal jurisdiction exists, the court resolves all disputed facts and reasonable inferences in the plaintiff's favor, but the court cannot assume facts not alleged. *Carefirst*, 334 F.3d at 396 (citing *Mylan Labs*, 2 F.3d at 60). Because D2L has not identified any contacts with Maryland either by OneLogin directly, or indirectly through Biggs, the court cannot exercise specific jurisdiction over OneLogin. Accordingly, OneLogin's motion will be granted.[5]

Jurisdictional Discovery

As a final matter, D2L has asked the court for jurisdictional discovery. "Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst*, 334 F.3d at 402 (citing *Mylan Labs.*, 2 F.3d at 64). But district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs.*, 2 F.3d at 64 (quoting *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C.Cir. 1981)). A district court does not abuse its discretion in denying jurisdictional discovery when the "additional information" sought would not "alter [the] analysis of personal jurisdiction." *Carefirst*, 334 F.3d at 403. D2L argues that jurisdictional discovery may reveal that the court can exercise general jurisdiction over OneLogin. Specifically, D2L seeks discovery as to "whether OneLogin has entered into any contract with Maryland citizens," "how OneLogin targets [and solicits] business in Maryland," "the dollar amount of revenue that OneLogin" generates from business in Maryland,

---

with Vishay in North Carolina."); *Metropolitan*, 888 F.Supp.2d at 702 ("AHRN actively and repeatedly directed electronic activity into Maryland with the clear intent of engaging in business with Maryland residents, the causes of action in this case result from AHRN's display of the MRIS's copyright content on [its] Maryland real estate listings . . ."); *Crussiah*, 2015 WL 7294368, at *4 ("Crussiah alleges that Inova, through its agents, contacted doctors in Maryland for the purpose of interfering with their contracts with Crussiah.").

[5] Because the court cannot exercise personal jurisdiction over OneLogin, the court need not consider OneLogin's 12(b)(6) argument.

and whether OneLogin attends trade shows or business meetings in Maryland. (Mem. P. & A. Supp. Pl.'s Resp. Opp'n ["Pl.'s Mot."] at 13–14, ECF No. 21).

To exercise general jurisdiction over a foreign defendant the defendant's contacts must be so "continuous and systematic" that the defendant is "essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919). None of the discovery D2L requests would alter the court's jurisdictional analysis. OneLogin is not incorporated or headquartered in Maryland and OneLogin has already conceded that it conducts a minimal amount of business in the state. Determining *how* this business is conducted, or whether part of this business includes attending tradeshows or meetings in state, will not alter the court's ultimate conclusion that OneLogin's contacts with the state fall far short of establishing general jurisdiction. Accordingly, the court will deny D2L's request for jurisdictional discovery.

## CONCLUSION

For the reasons stated above, the OneLogin's to dismiss for lack of personal jurisdiction will be granted. A separate order follows.

8/22/19
Date

*CCB*
Catherine C. Blake
United States District Judge